period. It follows that a speed not in excess of 55 m.p.h. was not *per se* unlawful.

No error.

HIGGINS, J., not sitting.

---

SHELBY JEAN COKER v. BILL VESTER COKER.

(Filed 21 October, 1959.)

**1. Automobiles § 41n—**

Testimony of a passenger to the effect that the driver dimmed his lights in passing another car, and immediately after changing to his bright lights saw a black cow directly in front of the car, was unable to turn to the left because of oncoming traffic, and struck the cow, resulting in the injuries in suit, with further testimony that the driver was going about 45 m. p. h. and that plaintiff passenger did not know any way the driver could have avoided the accident, *is held* insufficient to establish actionable negligence on the part of the driver.

HIGGINS, J., not sitting.

APPEAL by plaintiff from *Morris, J.,* January 26 Civil Term, 1959, of WAYNE.

This is a civil action in which the plaintiff Shelby Jean Coker seeks to recover damages for personal injuries caused by the alleged negligent operation of an automobile, in which she was a guest passenger, driven by the defendant Bill Vester Coker, her husband.

The plaintiff testified that she was riding in the automobile driven by her husband about 6:00 p.m. on 16 December 1957, going from their home in Goldsboro to the home of her husband's mother who lived at Parkstown, when the automobile was involved in a collision with a cow on the highway. "The cow was standing in the road. I saw her just as we hit her." She further testified that in her opinion the car was traveling about 60 miles per hour when the accident occurred.

On cross-examination the plaintiff testified, "The road on which we were traveling was a black-topped road, and it was after dark. As we approached the scene of the accident there was a car meeting us. My husband * * * dimmed his lights. As soon as we passed this car, my husband put on his bright lights again, and I saw the cow directly in front of me, and I had not seen the cow before. * * * My husband did not have a chance to put on his brakes. * * * we were going up a long grade. It was after we had passed the top of the hill. My husband

---

KELLER *v.* MILLS.

---

was driving on the right side of the paved road, and as soon as he hit the cow, he stopped. This was a solid black cow. * * * I was not looking at the speedometer. The opinion given to Mr. Thomson as to the speed was based, at least in part, on the degree of injury which I received."

In the plaintiff's signed statement made some weeks after the accident, among other things, she said: "I do not know of any way Bill (her husband) could have avoided the accident, we were going about 45 miles per hour."

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was allowed, and from the judgment entered, the plaintiff appeals, assigning error.

*J. Faison Thomson & Son for plaintiff.*
*Dupree & Weaver for defendant.*

PER CURIAM. In our opinion, the plaintiff's evidence is insufficient to establish actionable negligence on the part of the defendant. Hence, the ruling of the court below will be upheld.

Affirmed.

HIGGINS, J., not sitting.

---

JAMES R. KELLER v. HUFFMAN FULL FASHIONED MILLS, INC.

(Filed 21 October, 1959.)

**1. Master and Servant § 2e—**

Judgment sustaining demurrer to the complaint in an action to recover damages on account of plaintiff's being denied employment because of membership in a labor union, reversed on authority of *Willard v. Huffman,* 250 N.C. 396.

HIGGINS, J., not sitting.

APPEAL by plaintiff from *Campbell, J.,* at June, 1959 Term, of BURKE.

Civil action to recover damages on account of plaintiff being denied employment because of membership in a labor union under and by virtue of General Statutes 95-83.

On 5 June, 1959, in Superior Court the trial judge sustained demurrer of defendant to the jurisdiction, and dismissed the cause of action. Plaintiff appeals to Supreme Court and assigns error.